JONES, (Q. B.),J.
The question in this case is whether a broker, who sold dried apples by sample, is required to repay the purchase price to the purchaser, when the dried apples transported in interstate commerce were seized by the Federal government as being in violation of the Federal food and drug act, and were condemned and destroyed by virtue of proceedings under a libel filed in the United States District Court.
The record shows that the sale was made by sample; opportunity was given the purchaser to fully inspect the shipment when it arrived July 25,1913. The goods were accepted and sent by the purchaser to cold storage, and paid for to the broker July 28. Afterwards they were seized by the Federal inspector who first inspected them five days after their acceptance.
The proof fails to show that the goods were not up to sample, or that they were adulterated and unfit for food at the time of acceptance by the purchaser. It does not appear that the broker ever saw the goods, or that he was in any way responsible for the condition in which they were received, or that he made any representations whatever to the purchaser further than to exhibit to him the sample by which the sale was made and to notify him of the receipt of the goods in the railroad ear.
No defense to the libel was made by the purchaser or by anyone in the proceedings in the federal court. After the monition and attachment issued, notice by publication was made and mailed to the purchaser, the warehouseman, the broker, and the shipper. Final judgment was entered November 5, 1913, sustaining the allegations of the libel, and adjudging the dried apples under seizure adulterated, in violation of said food and drugs act, condemning them and ordering their destruction. A copy of these proceedings and judgment was relied upon by defendant as being conclusive proof of the unsalable condition of the goods when they were shipped and when they were accepted by the purchaser. This was an action in rem, and can only speak as to the condition of the goods at the time of the seizure. There is nothing in the record except possible inference to show their condition previous to that time, either at the time of sale or delivery.
*607 A careful consideration of the record fails to disclose any error to the prejudice of the plaintiff in error and the judgment is therefore affirmed.
Jones (E. H.) and Gorman, JJ., concur.